JOSEPH RONALD JONES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT
Jones v. Commissioner
Docket No. 6221-80.
United States Tax Court
T.C. Memo 1981-458; 1981 Tax Ct. Memo LEXIS 284; 42 T.C.M. (CCH) 843; T.C.M. (RIA) 81458; August 25, 1981. Joseph Ronald Jones, pro se. John F. Dean, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $ 2,020.34 in petitioner's Federal income tax for the year 1977. Concessions having been made, the only issue presented for our decision is whether petitioner is entitled to a deduction for wagering losses to the extent of his reported wagering winnings under section 165(d). [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. *285 Petitioner resided at Baltimore, Maryland at the time of filing his petition. During 1977 petitioner was employed by Hemingway Transport, Inc. as a truck driver. On his 1977 Form 1040 he reported, in addition to other income, $ 4,300 of gambling winings from having won a "Triexacta," picking three winning horses in their correct order of finish. He also listed as an itemized deduction on his Schedule A a deduction of $ 4,200 for gambling losses resulting from having purchased losing lottery tickets. That loss deduction was disallowed by the respondent on the ground that "you have not met the requirements of Section 165 for claiming gambling losses." Petitioner attempted to substantiate his losses by taking a shoe box full of losing lottery tickets to his audit for the audit agent to examine. He stated to the agent that he had brought about $ 5,000 worth of tickets. After petitioner left, the agent looked through the box, and without counting the tickets noted that many were of one or two sets of numbers, and most were purchased at one of two stores. The box contained approximately $ 5,000 worth of losing tickets purchased by petitioner in 1977. The box was mailed back to *286 petitioner, but mail at that time was not sent certified. Petitioner never received the box. Petitioner won small amounts of between $ 200 and $ 300 during 1977 in addition to his reported win of $ 4,300. He did not report this money because of an erroneous belief by him that winnings of under $ 500 were not taxable. He also regularly frequented the race track and regularly played certain lottery numbers. OPINION Petitioner claimed a deduction for wagering losses but admitted having some small unreported gambling winnings. Under section 165(d) wagering losses are deductible only to the extent of wagering gains. However, where it appears a taxpayer has not reported all wagering winnings, and he does not establish that his wagering losses exceed those unreported winnings, he will be entitled to no deduction. E.g., ; , affg. per curiam a Memorandum Opinion of this Court. Petitioner contends that his only wagering win during 1977 was a win in the amount of $ 4,300 on a horse race. Respondent contends that since petitioner has admitted to having *287 won at least $ 200 to $ 300 and has failed to show his losses exceeded his unreported winnings, petitioner is entitled to no deduction. We hold for the petitioner. We doubt petitioner's testimony that he was first exposed to horse racing in 1977 and that in 1977 he won but one race--winning $ 4,300. Petitioner admitted to the audit agent to having some small additional winnings, and the record does not support his allegation that he was referring to a later tax year when he made that admission. Nonetheless, we are convinced that petitioner sustained net losses from his gambling activities. Petitioner's admission to the audit agent of having won "small amounts between $ 200 and $ 300" does not change our view. The statement itself is ambiguous as to the time period encompassed, but we believe petitioner was referring to winnings for an annual period. We think that had the audit agent, who was a very intelligent and articulate witness, considered this admission to be on anything other than a per year basis intense questioning would have ensued. It did not. We are thus left with an admission by petitioner of having unreported winnings of at least $ 200 to $ 300 per year. *288 However, petitioner's allegation of having lottery losses of $ 5,000 more than offset his unreported winnings if believed. The parties stipulated that the shoe box petitioner took to audit contained $ 4,200 worth of losing tickets. We think petitioner agreed to this stipulation for fear that he would have no proof of any losses without it. The shoe box of lottery tickets had not been returned to him, or if returned was lost in the mail. It is unlikely that petitioner exaggerated in stating that the shoe box contained $ 5,000 of losing tickets, knowing the audit agent was likely to count them. While hardly free from doubt, we conclude on the basis of the entire record that petitioner's lottery losses exceeded both his reported and unreported wagering winnings. Moreover, it appears to us that petitioner reported only $ 4,200 of wagering losses because of an erroneous assumption by him that such losses were deductible only to the extent each loss exceed $ 100. Wagering losses, however, are deductible under section 165(d), which contains no such $ 100 limitation. We find petitioner's winnings from his wagering activities should be increased by $ 300--totalling $ 4,600--and that *289 he is entitled to a loss deduction of $ 4,600. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated.↩